# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Petitioner, | ) |
| v. | ) No. 4:18-MC-00137 JAR |
| STEVEN B. DURHAM., | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner United States of America's Petition to Enforce IRS Summons. (Doc. 1.) Both parties submitted written argument and a hearing was held on the record on June 13, 2018. Upon consideration, the Court will grant the Petition in part and order Respondent Steven B. Durham to provide testimony responsive to Petitioner's requests for testimony and documentation as more fully set forth below.

## Background

Petitioner asserts the following: In 2016, the IRS opened an investigation into Respondent's individual income tax liability for tax years 2013, 2014, and 2015. Respondent was directed to appear, testify, and produce relevant documentation. (*See* Doc. 16-1.) On December 5, 2016, Respondent appeared with counsel before IRS employees. Respondent did not speak and his counsel refused to answer the questions asked, but one week later, Respondent provided an affidavit answering the questions asked at the meeting. (*See* Doc. 16-2.) A second meeting was scheduled. Respondent appeared and again refused to answer the IRS agent's follow-up questions, this time asserting that his Fifth Amendment right against self-incrimination.

On February 16, 2018, Petitioner filed this Petition, asking the Court to order Respondent to answer thirty-one questions asked at the follow-up meeting and to produce six categories of

documents sought by the agency. (Docs. 1, 16, 16-3.) Petitioner argues that Respondent has no legitimate Fifth Amendment right to refuse and that even if he does, his affidavit acts as a waiver of that right. (Doc. 16.) Respondent opposes the Petition. (Doc. 17.)

**Analysis**

Federal courts will enforce an IRS summons if the record shows that "the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the [IRS's] possession, and that the administrative steps required by the Code have been followed." *United States v. Norwood*, 420 F.3d 888, 892 (8th Cir. 2005) (quoting *United States v. Powell,* 379 U.S. 48, 57-58 (1964)). Respondent does not challenge the enforceability of the summons, but the Court concludes that the record does show that the IRS investigation is conducted for the legitimate purpose of examining Respondent's potential tax liability, the questions asked of Respondent are relevant to that purpose, the information sought in the questions is not already in the IRS's possession, and the appropriate administrative steps have been taken. The Court will therefore enforce the summons to the extent doing so does not offend Petitioner's Fifth Amendment right against self-incrimination.

A taxpayer may refuse to answer an IRS agent's questions if "the answers might incriminate him in future criminal proceedings." *Minnesota v. Murphy*, 465 U.S. 420, 426 (1984) (quoting *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973)). To properly assert his Fifth Amendment right against self-incrimination, the taxpayer must be facing a real and substantial risk of criminal prosecution. *United States v. Apfelbaum*, 445 U.S. 115, 128 (1980). Likewise, the Court must review the taxpayer's Fifth Amendment assertion on a question-by-question basis. *United States v. Argomaniz*, 925 F.2d 1349, 1355 (11th Cir. 1991); *United States v. Melchor Moreno*, 536 F.2d 1042, 1049 (5th Cir. 1976); *United States v. Rue*, 819 F.2d 1488 (8th Cir. 1987).

The IRS is investigating Respondent's individual income tax liabilities for 2013, 2014, and

2015. (Doc. 1 at 1.) It is apparent from Respondent's affidavit and his counsel's representations before the Court that Respondent did not timely file his 2014 or 2015 individual income tax returns. It is illegal to willfully attempt to evade or defeat tax or to willfully fail to file a tax return, supply information, or pay tax. 26 U.S.C. §§ 7201, 7203. The Court concludes that the IRS's investigation into Respondent's 2013, 2014, and 2015 tax returns illustrates that Respondent is confronted by a real and substantial risk of criminal prosecution. The Court will therefore enforce the summons only as to individual follow-up questions that do not pose a risk of incrimination absent a waiver by Respondent of his Fifth Amendment right not to answer.

A taxpayer may waive his Fifth Amendment right not to answer a given question by willingly answering related questions. *United States v. Singer*, 785 F.2d 228, 241 (8th Cir. 1986). In fact, the Court must infer waiver when:

> (1) the witness' prior statements have created a significant likelihood that the finder of fact will be left with and prone to rely on a distorted view of the truth, and (2) the witness had reason to know that his prior statements would be interpreted as a waiver of the [F]ifth [A]mendment's privilege against self-incrimination.

*Id.* (quoting *Klein v. Harris*, 667 F.2d 274, 287 (2d Cir.1981)). The Court finds that the second priong is met in this case. Having refusing to answer the IRS agent's questions in the initial meeting, Petitioner had reason to know that the answers provided his affidavit would undermine any future assertion of a Fifth Amendment right not to discuss those matters. Furthermore, after considering each question, the Court finds that the first prong is met as to some but not all of the IRS agent's follow-up questions.

## Conclusion

The Court concludes that the summons is enforceable but that Petitioner faces a real and substantial risk of criminal prosecution and therefore has a legitimate Fifth Amendment right to refuse to answer the follow-up questions. However, the Court also concludes that Petitioner

waived his Fifth Amendment right as to follow-up questions that relate to the answers he provided in his affidavit.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner United States of America's Petition to Enforce IRS Summons (Doc. 1), is **GRANTED in part.**

**IT IS FURTHER ORDERED** that Respondent Steven B. Durham shall comply with the IRS Summons as follows:[1]

- As to the section titled **General**:
    - Respondent has a legitimate Fifth Amendment right to refuse to answer both questions.

- As to the section titled **Schedule C – HVAC Repair**:
    - Respondent has a legitimate Fifth Amendment right to refuse to answer questions 12, 15, 17, 18, and 9;
    - Respondent does not have a legitimate Fifth Amendment right to refuse to answer and/or has waived that right as to questions 1-11, 13, 14, 16, 20, and 21.

- As to the section titled **Bank Transaction Analysis**:
    - Respondent does not have a legitimate Fifth Amendment right to refuse to answer and/or has waived that right as to all three questions.

- As to the section titled **Delinquent Returns for 2014 and 2015**:
    - Respondent has a legitimate Fifth Amendment right to refuse to answer questions 1, 2, 5, and 6;
    - Respondent does not have a legitimate Fifth Amendment right to refuse to answer and/or has waived that right as to questions 3 and 4.

- As to the section titled **Documents**:
    - Respondent does not have a legitimate Fifth Amendment right to refuse to produce and/or has waived that right as to all documents listed.

Dated this 9th day of July, 2018.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

---

[1] Refer to Doc. 16-3.